UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY LEE ROELFSEMA, a/k/a "Butters,"<br><br>Defendant. | 4:17-CR-40023-02-KES<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Corey Lee Roelfsema, filed a motion requesting a reduction in sentence and also requested to appeal his case. Docket 192. The court construes Roelfsema's request as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and denies defendant's request. The court further holds that Roelfsema's time to appeal his judgment of conviction expired.

## DISCUSSION

Roelfsema was found guilty of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 after a jury trial. Docket 107. On January 4, 2018, the court sentenced Roelfsema to 240 months in custody followed by ten years of supervised release. Docket 153; Docket 154 at 2-3.

Roelfsema is currently incarcerated at FCI Greenville. Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc. (last visited Mar. 15, 2021). Roelfsema is scheduled for release on August 28, 2035. *Id.* He is currently 32 years old. *Id.*

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. *Id.* § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i).

With the enactment of the FSA, Congress permits courts to grant compassionate release on motions filed by defendants, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier [.]" 18 U.S.C. § 3582(c)(1)(A).

Roelfsema has not alleged or shown that he made a request for compassionate release to the warden before he filed his motion with the court. Because exhaustion of remedies is a requirement for relief under this section and Roelfsema has not fulfilled that requirement, his motion may not be reviewed on the merits. *See id.* Roelfsema has also failed to demonstrate he warrants a reduction in sentence. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (holding defendant has burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c)).

To the extent that Roelfsema desires to have his request treated as a notice of appeal, the court cannot do so. The Federal Rules of Appellate Procedure establish strict deadlines for the filing of a notice of appeal. *See* Fed. R. App. P. 4. "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days" of the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). The court's judgment in Roelfsema's case was entered on January 4, 2018. Docket 154. While there are provision that allow a district court to extend the time for filing a notice of appeal in a criminal case, those provisions too have expired. *See* Fed. R. App. P. 4(b)(4).

## CONCLUSION

Roelfsema has failed to demonstrate that he exhausted his administrative remedies. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 192) is denied without prejudice.

Dated March 18, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE